UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA: NORFOLK DIVISION

No. 19-323

**BACK BAY RESTORATION FOUNDATION, LTD.**

    **Plaintiff**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS,**

    **Defendant.**

## BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Now comes Back Bay Restoration Foundation, Ltd. ("BBRF"), by counsel, and in support of its Motion for Preliminary Injunction states as follows:

### Background

Back Bay is located within the barrier islands of southeastern Virginia and constitutes the northern-most end of the Albemarle-Pamlico sound system and has been designated by the Environmental Protection Agency ("EPA") as an "estuary of national significance." Back Bay is a significant aquatic resource providing valuable habitat which both the Fish and Wildlife Service (the "FWS") and the United States Corps of Engineers (the "Corps") consider to be an "Aquatic Resource of National Importance".

On December 14, 2018, the Corps issued a public notice of HOFD Ashville Park, LLC's ("Ashville Park") application for a permit to fill 3.4 acres of wetlands located adjacent to Back Bay. As addressed in the Complaint, wetlands are defined as waters of the United States ("WOTUS") and are recognized as significant aquatic resources that provide valuable function that protect and enhance the environment. Ashville wants to permanently destroy the WOTUS

Page 1 of 7
Back Bay Restoration Foundation v. United States Corps of Engineers
Brief in Support of Motion for Preliminary Injunction

in order to develop additional residential building lots, construct a parking lot, build pedestrian and equestrian paths, and construct a storm water management feature.

On February 11, 2019, during the extended public comment period, BBRF and other concerned citizens submitted detailed comments including reference sources about the proposed project, and requested a public hearing as well as an Environmental Impact Statement ("EIS"). The Corps responded that it had determined that an EIS and public hearing were not necessary. On June 12, 2019 the Corps disclosed that it had issued the Permit.

If the Court does not grant a preliminary injunction to temporarily halt the filling of these valuable WOTUS, this valuable significant aquatic resource will be forever destroyed and impossible to restore.

### The Law: Preliminary Injunction

From 1977 to 2008, when analyzing whether to grant a preliminary injunction, courts in the Fourth Circuit followed the "balance-of-hardship" test originally set forth in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977). Under *Blackwelder*, the Courts first balanced the likelihood of irreparable harm to the plaintiff against the likelihood of harm to the defendant. *Id.* at 196. If such a balance favored the plaintiff, the Court would then determine whether the plaintiff had raised questions regarding the merits "so serious, substantial, difficult and doubtful, as to make them fair ground for litigation." *Id.*

However, in 2008, the Unites States Supreme Court modified the *Blackwelder* test when evaluating whether to grant a preliminary injunction, by adopting a four-element test requiring the plaintiff establish that; (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of equities falls in its favor; and, (4) an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

Page **2** of 7
Back Bay Restoration Foundation v. United States Corps of Engineers
Brief in Support of Motion for Preliminary Injunction

Pursuant to the *Winter* doctrine, all four requirements must be satisfied. The Court in *Winter* rejected the *Blackwelder* standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22. See also *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009).

**BBRF is Likely to succeed on the merits.**

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits of at least one claim." *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). In order to satisfy this requirement, the moving party must demonstrate more than "a grave or serious question for litigation". *Sarsour v. Trump*, 245 F. Supp. 3d 719, 729 (E.D. Va. 2017). However, it is not necessary for the moving party to show "a certainty of success". *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014).

The Corps' repeated violations of law as referenced by the Complaint include violations of the Clean Water Act ("CWA") and the National Environmental Policy Act ("NEPA"). These laws are, by their very enactment at the demand of the American voter, in the interest of public policy.

As detailed in the Complaint, the Corps, acting arbitrarily, capriciously, and contrary to law, failed to; (1) consider other practicable, less environmentally damaging alternatives to the destr5uction of WOTUS allowed by the Permit; and, (2) conduct a thorough and complete "public interest review" prior to granting the Permit.

The Complaint sufficiently details the Corps' repeated violations of the CWA and NEPA as it permitted the permanent destruction of wetlands in order to construct a parking lot and

Page 3 of 7
Back Bay Restoration Foundation v. United States Corps of Engineers
Brief in Support of Motion for Preliminary Injunction

associated non-water dependent activities, which coupled with the overwhelming public policy interest in protecting Back Bay and its adjacent wetlands, advises that BBRF is likely to succeed on the merits of this case.

### BBRF, and Back Bay, will suffer irreparable harm in the absence of granting a preliminary injunction.

To fulfill the second element in determining whether to grant injunctive relief, courts must consider whether the party "is likely to suffer irreparable harm in the absence of preliminary relief." *Lecky v. Va. State Bd. of Elections*, 285 F. Supp. 3d 908, 921 (4th Cir. 2018).

As detailed in the Complaint, the Permit grants a residential developer permission to dump pollutants into wetlands adjacent to Back Bay in order to construct a parking lot and perform other non-water dependent activities. Once these wetlands are filled, their important environmental functions will be lost. BBRF's mission to protect and restore Back Bay, as well as the stated interests of its many members as addressed at length in the Complaint, will suffer irreparable harm if the filling of the subject wetlands is not temporarily enjoined.

### The balance of equities falls in BBRF's favor.

When conducting the analysis involved in balancing the equities, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). "In exercising their sound discretion, *courts of equity should pay particular regard for the public consequences* in employing the extraordinary remedy of injunction." (Emphasis added) *Id*.

Based on the substantial consequences to the public interest, as addressed at length in the Complaint, the balance of the equities favor injunctive relief. The irreparable harm that will be suffered by BBRF and Back Bay, and the public consequences of not granting temporary relief,

Page **4** of **7**
Back Bay Restoration Foundation v. United States Corps of Engineers
Brief in Support of Motion for Preliminary Injunction

must be balanced against the potential damage done to the Corps and arguably the land developer should preliminary injunctive relief be granted.

In favor of granting temporary relief, it should be noted that it may serve to protect valuable environmental resources from being destroyed. On the other side of the scales, if a preliminary injunction is granted then the Corps will suffer the inconvenience of being required to strictly comply with the CWA, NEPA, and their respective regulations, as it properly evaluates the application for the Permit in accordance with the law. As to the developer, the consequence of being temporarily delayed in the construction of a parking lot is of minor import compared to the permanent destruction of valuable environmental resources.

Accordingly, BBRF's prospect of irreparable harm significantly outweighs the consequences to the Corps, and the developer, when considering whether preliminary injunctive relief should be granted.

### A preliminary injunction is in the public interest.

Both the NEPA and the CWA were enacted to protect the environment and the waters of the United States; issues of great national and public interest. Certainly, because protecting these valuable resources is in line with the public interests, the Corps' strict compliance with these laws is in the public interest.

### <u>Conclusion.</u>

For the reasons detailed above and as set forth in the Complaint, BBRF requests this Court order the Corps to temporarily revoke the Permit until such time that this case may be fully adjudicated.

BY:   /s/ Douglas E. Kahle, Esq.
Douglas E. Kahle, Esq.

Page 5 of 7
Back Bay Restoration Foundation v. United States Corps of Engineers
Brief in Support of Motion for Preliminary Injunction

Douglas E. Kahle, Esq. (VSB #15964)
BASNIGHT, KINSER,
LEFTWICH & NUCKOLLS, P.C.
Attorney for Back Bay Restoration
Foundation, Ltd.
308 Cedar Lakes Drive, 2nd Floor
Chesapeake, VA  23322-0017
(757) 547-9191 Telephone
(757) 547-9135 Facsimile
dkahle@basnightkinser.com

Page **6** of **7**
Back Bay Restoration Foundation v. United States Corps of Engineers
Brief in Support of Motion for Preliminary Injunction

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief in Support of a Motion for Preliminary Injunction was mailed via U. S. First Class Certified Mail this 20th day of June, 2019, to:

Civil Process Clerk
Office of the United States Attorney
Eastern District of Virginia
101 W. Main Street, Suite 8000
Norfolk, VA 23510-1671

William P. Barr
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Col. Patrick V. Kinsman
Norfolk District Commander
United States Army Corps of Engineers
803 Front Street
Norfolk, VA 23510

/s/ Douglas E. Kahle, Esq.
DOUGLAS E. KAHLE, ESQ.
Virginia State Bar # 15964
Attorney for Back Bay
Restoration Foundation, Ltd.
Basnight, Kinser, Leftwich
& Nuckolls, P.C.
308 Cedar Lakes Drive, 2nd Floor
Chesapeake, VA 23322
Phone: 757-547-9191
Fax: 757-547-9135
DKahle@basnightkinser.com

Page 7 of 7
Back Bay Restoration Foundation v. United States Corps of Engineers
Brief in Support of Motion for Preliminary Injunction